ORIGINAL

1   WILLIAM R. TAMAYO -- #084965 (CA)
    JONATHAN T. PECK -- #12303 (VA)
2   DAVID F. OFFEN-BROWN – #63321 (CA)
    CINDY O'HARA -- #114555 (CA)
3   EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
4   San Francisco District Office
    350 The Embarcadero, Suite 500
5   San Francisco, California 94105-1260
    Telephone:   (415) 625-5653
6   Facsimile:    (415) 625-5657

7   Attorneys for Plaintiff EEOC

**E-filing**

8

9            **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**

*JCS*

11

12   **EQUAL EMPLOYMENT OPPORTUNITY**
    **COMMISSION,**
13

           Plaintiff,
14

15   v.

16   **MID VALLEY LABOR SERVICES, INC.,**

           Defendant.
17

Civil Action No. **C V 10 2560**

**COMPLAINT**

Civil Rights - Employment
Discrimination

DEMAND FOR JURY TRIAL

18

19                **NATURE OF THE ACTION**

20       This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and

21 Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the

22 basis of sex and retaliation, and to provide appropriate relief to Magnolia Gomez-Lopez

23 and Emelia Rios and similarly situated women who were adversely affected by such

24 practices. Defendant subjected Ms. Gomez-Lopez and Rios and similarly situated

25 women to unlawful discrimination based on their sex, and to unlawful retaliation after

26 they expressed their opposition to the unlawful discrimination.

              **JURISDICTION AND VENUE**

27       1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331,

28 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section

1    706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

2    §2000e-5(f)(1) and (3) ("Title VII") and §102 of the Civil Rights Act of 1991, 42 U.S.C.

3    §1981a.

4         2.       The unlawful employment practices alleged herein were committed in the

5    State of California, in the County of Sonoma. Venue is therefore proper in the United

6    States District Court for the Northern District of California.

7                           **INTRADISTRICT ASSIGNMENT**

8         3.       This action is appropriate for assignment to the San Francisco/Oakland

9    Division of this court as the violations alleged in the complaint took place in Sonoma

10   County.

11                                     **PARTIES**

12        4.       Plaintiff, the Equal Employment Opportunity Commission

13   ("Commission") is the agency of the United States of America charged with the

14   administration, interpretation and enforcement of Title VII, and is expressly authorized

15   to bring this action by Section 706(f)(1) and (3) of Title VII, §2000e-5(f)(1) and (3).

16        5.       Defendant Mid Valley Labor Services, Inc. is a California corporation,

17   doing business in the State of California, and has continuously had at least 15

18   employees.

19        6.       At all relevant times, Defendant Mid Valley Labor Services has

20   continuously been an employer engaged in an industry affecting commerce, within the

21   meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

22                           **STATEMENT OF CLAIMS**

23                           **FIRST CLAIM FOR RELIEF**

24   **Violation of Title VII Based on Sex Discrimination: Harassment**

25        7.       More than thirty days prior to the institution of this lawsuit, Charging

26   Parties Magnolia Gomez-Lopez and Emelia Rios ("Charging Parties") filed charges

27   with Plaintiff Commission alleging violations of Title VII by Defendant Mid Valley

28   Labor Services, Inc. All conditions precedent to the institution of this lawsuit have been

1 ‖ fulfilled.

2  8.  Since at least April 21, 2008 for Charging Party Gomez-Lopez and May 5,
3 ‖ 2008 for Charging Party Rios, Defendant has engaged in unlawful practices of sex
4 ‖ discrimination in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by
5 ‖ subjecting Charging Parties and similarly situated women to harassment because of
6 ‖ their sex, including but not limited to sexual comments, sexual propositions, and
7 ‖ statements that Charging Parties and similarly situated women would have to engage in
8 ‖ sexual relations to keep their jobs.

9  9.  The effect of the actions complained of in paragraph 8 above has been to
10 ‖ deprive Charging Parties and similarly situated women of equal employment
11 ‖ opportunities and otherwise adversely affect their status as employees because of sex.

12  10.  The unlawful employment practices complained of in paragraph 8 above
13 ‖ were intentional.

14  11.  The unlawful employment practices complained of in paragraph 8 above
15 ‖ were done with malice or with reckless indifference to the federally protected rights of
16 ‖ Charging Parties and similarly situated women.

17 ‖                      **SECOND CLAIM FOR RELIEF**

18 ‖              **Violation of Title VII Based on Retaliation**

19  12.  Plaintiff Commission hereby incorporates the allegations of paragraphs 1
20 ‖ through 8 above as though fully set forth herein.

21  13.  In addition to the above-referenced discrimination, Defendant engaged in
22 ‖ unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C.
23 ‖ §2000e-3(a) by subjecting Charging Parties to retaliation because of their opposition to
24 ‖ the sex discrimination referenced herein at paragraph 8, including but not limited to the
25 ‖ termination of Charging Parties' employment on or about May 26, 2008.

26  14.  The effect of the actions complained of in paragraph 13 above has been to
27 ‖ deprive Charging Parties of equal employment opportunities and otherwise adversely
28 ‖ affect their status as employees because of their protected activity.

1    15.    The unlawful employment practices complained of in paragraph 13 above
2  were intentional.

3    16.    The unlawful employment practices complained of in paragraph 13 above
4  were done with malice or with reckless indifference to the federally protected rights of
5  Charging Parties.

6                                    **PRAYER FOR RELIEF**

7    Wherefore, the Commission respectfully requests that this Court:

8    A.    Grant a permanent injunction enjoining Defendant, its officers, agents,
9  servants, employees, attorneys, successors, assigns, and all persons acting in concert or
10  participation with them, from engaging in discrimination based on sex, including
11  harassment, and retaliation against their employees.

12    B.    Order Defendant to institute and carry out policies, practices, and
13  programs which prohibit sex discrimination, including harassment, and retaliation, and
14  which eradicate the effects of its unlawful employment practices.

15    C.    Order Defendant to make whole Charging Parties and similarly situated
16  women by providing appropriate back pay and benefits with prejudgment interest, and
17  other affirmative relief necessary to eradicate the effects of its unlawful employment
18  practices, including but not limited to reinstatement to prior positions and/or front pay
19  and other appropriate relief to be determined at trial.

20    D.    Order Defendant to make whole Charging Parties and similarly situated
21  women by providing compensation for past and future pecuniary losses resulting from
22  the unlawful employment practices complained of above, including but not limited to
23  such out-of-pocket expenses as medical care necessitated by Defendant's unlawful
24  conduct, in amounts to be determined at trial.

25    E.    Order Defendant to make whole Charging Parties and similarly situated
26  women by providing compensation for past and future nonpecuniary losses resulting
27  from the unlawful practices complained of above including, but not limited to emotional
28  pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts

1 | to be determined at trial.

2 |     F.     Order Defendant to pay Charging Parties and similarly situated women

3 | punitive damages for the malicious and reckless conduct described above, in amounts to

4 | be determined at trial.

5 |     G.     Grant such further relief as the Court may deem just and proper in the

6 | public interest.

7 |     H.     Award the Commission its costs of this action.

8 | **DEMAND FOR JURY TRIAL**

9 |     The Commission demands a jury trial on all questions of fact raised by its

10 | complaint.

11 |

12 | P. DAVID LOPEZ
General Counsel
13 | JAMES L. LEE
Deputy General Counsel
14 | GWENDOLYN YOUNG REAMS
Associate General Counsel
15 | EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
16 | Office of the General Counsel
Washington, DC 20507
17 |

18 | Dated: June 9, 2010

WILLIAM R. TAMAYO
19 | Regional Attorney

20 | Dated: June 9, 2010          /S/ David Offen-Brown
21 |                       DAVID F. OFFEN-BROWN
Supervisory Trial Attorney
22 |

23 | Dated: June 9, 2010

CINDY O'HARA
24 | Senior Trial Attorney

25 |                       EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
26 |                       SAN FRANCISCO DISTRICT OFFICE

27 |

28 |